UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:16-cr-319-T-23JSS

NEDAL ABU-AISH
_____/

# ORDER

THIS MATTER is before the Court on the Government's Motion for Reimbursement of Attorney's Fees (Dkt. 161) and Defendant's response (Dkt. 169). The Government moves for an order requiring Defendant to reimburse the Court's Criminal Justice Act ("CJA") fund for fees paid from the fund to his trial counsel. (Dkt. 161 at 1.) The Government argues that Defendant was appointed trial counsel based on his July 21, 2016 financial affidavit and claim of indigency. (Dkt. 6.) On October 23, 2017, Defendant's appellate counsel was substituted for his trial counsel. (Dkt. 147.) The Government contends that because Defendant is able to pay for his private attorney to pursue his appeal, he should be compelled to reimburse the CJA fund for the costs of his previously court-appointed counsel. (Dkt. 161 at 5.) In response, Defendant requested leave to supplement his financial affidavit to address whether funds for payment to his counsel are available. (Dkt. 169 at 2.) In light of the Government's arguments and Defendant's response, the Court ordered Defendant to submit a supplemental financial affidavit addressing whether funds are available, either from him personally or from others on his behalf, to repay the cost of his court-appointed counsel. (Dkt. 170.)

A fundamental prerequisite for court-appointed counsel is the defendant's inability to hire an attorney. *See* 18 U.S.C. § 3006A. A person who has the financial resources to obtain counsel has no right to court-appointed counsel. *United States v. Gravatt*, 868 F.2d 585, 591 (3rd Cir.

1989).  Defendant bears the burden of proving by a preponderance of the evidence that he or she is "financially unable to obtain counsel."  18 U.S.C. § 3006A(b).  Defendant's financial ability is determined by the court after an "appropriate inquiry."  *Id*.  The CJA does not further define an "appropriate inquiry," but the procedure varies with the circumstances and no one method is required.  *United States v. Barcelon*, 833 F.2d 894, 897 (10th Cir. 1987); *United States v. Foster*, 867 F.2d 838, 841 (5th Cir. 1989). The court must fulfill its obligation "by whatever means appropriate."  *United States v. Anderson*, 567 F.2d 839, 840 (8th Cir. 1977) (citation omitted).

Upon review of Defendant's supplemental financial affidavit, it appears that he does not have funds available to reimburse the CJA fund for the costs of his previously court-appointed counsel.  Defendant is incarcerated and unemployed.  Defendant indicated that he has not received income from a business, profession, or other form of self-employment, or from other sources within the past twelve months.  He further specified that he is separated or divorced.  Defendant attached a printout of his commissary account balance stating that he has $286.64 in his account. Consequently, the Court finds that Defendant does not have funds available to repay the cost of his court-appointed counsel.  *See United States v. Brockman*, 183 F.3d 891, 897 (8th Cir. 1999) (emphasizing any doubt that the defendant's eligibility for court-appointed counsel should be resolved in the defendant's favor).

Accordingly, it is **ORDERED** that the Government's Motion for Reimbursement of Attorney's Fees (Dkt. 161) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on July 10, 2018.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record